**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonah Shacknai, an individual; The Shacknai 2004 Irrevocable Trust; The Shacknai 1999 Trust,<br><br>         Plaintiffs,<br><br>vs.<br><br>John Charles Mathieson and Sherrie Sucher-Mathieson, husband and wife; Merrill Lynch Insurance Group, a Delaware corporation; Merrill Lynch Pierce Fenner and Smith Incorporated, a Delaware corporation; Merrill Lynch & Co., Inc., a Delaware corporation; Kenneth Marchiol and Jane Doe Marchiol, husband and wife; Alan Dale Fonner and Jane Doe Fonner, husband and wife; Gregory James Mech and Jane Doe Mech, husband and wife; Institutional Marketing Consultants, Inc., a Colorado corporation,<br><br>         Defendants. | No. CV 08-01025-PHX-FJM<br><br>**ORDER** |

The court has before it Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS"), Merrill Lynch Insurance Group, Merrill Lynch and Co., Inc., John Mathieson and Sherrie Sucher-Mathieson, Alan Fonner, and Gregory Mech's (collectively, "defendants") motion to dismiss and compel arbitration and request for stay (doc. 48), plaintiffs John Shacknai and the Shacknai 2004 Irrevocable Trust's ("2004 Trust") response (doc. 56), and defendants' reply (doc. 60).

**I**

This dispute arises out of losses incurred through an insurance premium financing arrangement. In early 2004, the 2004 Trust purchased two Pacific Life Insurance Company life insurance policies upon the advice of Mathieson, a Merrill Lynch insurance and wealth planning specialist. The 2004 Trust used a loan to purchase the policies, and pledged a MLPFS account held by the Shacknai 1999 Trust ("1999 Trust") as collateral for the loan. The account had been opened by Shacknai on April 21, 2000 and transferred to the 1999 Trust in August 2001. To open the account, Shacknai entered into a client relationship agreement with MLPFS in which he agreed to arbitrate "all controversies."[1] Motion to Compel, Ex.1. The agreement also provided that arbitration "shall be conducted only before the New York Stock Exchange, Inc., an arbitration facility provided by any other exchange of which [MLPFS is] a member, or the National Association of Securities Dealers, Inc., and in accordance with its arbitration rules then in effect."[2] Id. Defendants move to dismiss Shacknai and the 2004 Trust's claims against them and compel arbitration.[3] Defendants also move to stay the remaining claims against non-moving defendants during arbitration.

**II**

First, plaintiffs argue that the 2004 Trust cannot be compelled to arbitrate because it did not sign an arbitration agreement with defendants. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S. Ct. 1347, 1353 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration

---

[1] On the same day, Shacknai also entered into an option agreement with MLPFS containing a materially similar arbitration agreement.

[2] The arbitral bodies of the New York Stock Exchange, Inc. and National Association of Securities Dealers, Inc. have since been consolidated into the Financial Industry Regulatory Authority ("FINRA"). We will, therefore, refer to FINRA arbitration rules for the purposes of this order.

[3] Subsequent to defendants' motion, we granted plaintiffs' motion to add the 1999 Trust as a plaintiff (doc. 62).

1  any dispute which he has not agreed so to submit."). Although not a signatory, defendants
2  argue that the 2004 Trust is estopped from avoiding arbitration because it "exploited and
3  directly benefitted from the account agreements." Motion to Compel at 12; see Comer v.
4  Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006) ("[N]onsignatories have been held to
5  arbitration clauses where the nonsignatory 'knowingly exploits the agreement containing the
6  arbitration clause despite having never signed the agreement.'") (quotation omitted).  We
7  disagree.  Defendants have not shown that the 2004 Trust knowingly exploited or seeks to
8  enforce any agreement containing an arbitration clause.  Moreover, Merrill Lynch had the
9  option to require the 2004 Trust to sign a client relationship agreement prior to the sale of the
10 insurance policies but failed to do so.  This failure does not mean that the 2004 Trust is
11 bound by the agreements signed Shacknai and the 1999 Trust.

12       Next, plaintiffs challenge defendants' right to bring arbitration in the selected forum.
13 The arbitration agreement states that any arbitration must be conducted by FINRA and in
14 accordance with its rules.  Because the arbitration agreement incorporates the FINRA rules
15 by reference, those rules must be considered to give full effect to the intent of the parties.
16 Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1122 (9th Cir. 2008) (citation omitted).

17       Plaintiffs seek discovery to demonstrate the applicability of the FINRA "insurance
18 exception."  The FINRA code of arbitration procedure exempts from arbitration "disputes
19 involving the insurance business activities of a member that is also an insurance company."
20 FINRA Code of Arbitration Procedure, § 12200.  We disagree that discovery is required as
21 to this issue.  The "insurance exception" only applies where a dispute "is 'insurance-only'
22 or even 'intrinsically insurance.'" In re Prudential Ins. Co. of Am. Sales Practice Litig., 133
23 F.3d 225, 232 (3rd Cir.1998).  Plaintiffs' claims are based on tort and contract principles and
24 do not require any special knowledge of insurance law to be decided.  See IDS Life Ins. Co.
25 v. Royal Alliance Assocs., Inc., 266 F.3d 645, 653 (7th Cir. 2001) (finding that the insurance
26 business exception did not apply where "[n]o technical issue of insurance law or of the
27 economics, regulation, or business customs of insurance was thrust upon the arbitrators").

28

The FINRA code also requires that a dispute be between "a customer and a member or associated person of a member" and prohibits arbitration compelled by "[a] member whose membership is terminated, cancelled, suspended, or revoked." FINRA Code of Arbitration Procedure, §§ 12200, 12202. Defendants have not addressed whether each party moving to compel arbitration is either a FINRA member or associated person, and we cannot determine if defendants have a right to compel arbitration without this information. See Galey v. World Mktg. Alliance, 510 F.3d 529, 533-34 (5th Cir. 2007) (denying motion to compel arbitration where the agreement specified that arbitration be conducted with the National Association of Securities Dealers, Inc. and defendants had allowed their membership to lapse). Defendants have not, therefore, shown that they have a right to compel arbitration of this dispute.

Accordingly, **IT IS ORDERED DENYING** defendants' motion to dismiss and compel arbitration and request for a stay (doc. 48).

DATED this 25th day of February, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge